**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JONATHAN K. DODRILL, | : | **ORDER & NOTICE** |
| Plaintiff, | : | CIVIL ACTION NO. 09-4058 (MLC) |
| v. | : | |
| I-FLOW CORPORATION, et al., | : | |
| Defendants. | : | |

|  |  |  |
|---|---|---|
| JOANETTE GHOLSTON, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 09-4064 (MLC) |
| v. | : | |
| I-FLOW CORPORATION, et al., | : | |
| Defendants. | : | |

|  |  |  |
|---|---|---|
| ROXANNE MOORE, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 09-4078 (MLC) |
| v. | : | |
| I-FLOW CORPORATION, et al., | : | |
| Defendants. | : | |

|  |  |  |
|---|---|---|
| CAROL OLATOYE, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 09-4082 (MLC) |
| v. | : | |
| I-FLOW CORPORATION, et al., | : | |
| Defendants. | : | |

```
                                    :
MARY WEAVER,                        :
                                    :
        Plaintiff,                  :     CIVIL ACTION NO. 09-4085 (MLC)
                                    :
        v.                          :
                                    :
I-FLOW CORPORATION, et al.,         :
                                    :
        Defendants.                 :
_____:
                                    :
HARRY WOODS,                        :
                                    :
        Plaintiff,                  :     CIVIL ACTION NO. 09-4086 (MLC)
                                    :
        v.                          :
                                    :
I-FLOW CORPORATION, et al.,         :
                                    :
        Defendants.                 :
_____:
                                    :
TERESA BISHOP,                      :
                                    :
        Plaintiff,                  :     CIVIL ACTION NO. 09-4250 (MLC)
                                    :
        v.                          :
                                    :
I-FLOW CORPORATION, et al.,         :
                                    :
        Defendants.                 :
_____:
```

**THE SEPARATE PLAINTIFFS** — none of whom are New Jersey citizens — brought these separate actions against the defendants I-Flow Corporation, Astrazeneca Pharmaceuticals LP, Astrazeneca LP ("ALP"), Zeneca Holdings Inc., Hospira, Inc., and Abbott Laboratories (collectively "Removing Defendants"), and the defendant Eastman Kodak Company ("EKC"), in state court to recover damages for personal injuries based on products liability.  See,

e.g., <u>Dodrill v. I-Flow Corporation</u>, No. 09-4058, dkt. entry no. 1, Compl.  The Removing Defendants removed these separate actions based on jurisdiction under 28 U.S.C. § ("Section") 1332.  <u>See,</u> <u>e.g.,</u> No. 09-4058, dkt. entry no. 1, Rmv. Not.  EKC has yet to appear.  The parties are **NOTIFIED** of the following:

**(1)** An action that could have been brought initially in federal court under Section 1332 is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought".  28 U.S.C. § 1441(b); <u>see</u> <u>Bor. of W. Mifflin v. Lancaster</u>, 45 F.3d 780, 785 (3d Cir. 1995) (stating "[Section] 1441(b) diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court"); <u>Enviro-Gro Techs. v. Greeley & Hansen</u>, 794 F.Supp. 558, 560 (E.D. Pa. 1992) (stating Section 1441(b) "limit[s] the right of removal where an in-state defendant is a party even though diversity of citizenship exists").  This is known as the forum-defendant rule.

A partnership is (a) an unincorporated association, and (b) deemed to be a citizen of each state in which all of the partners comprising the partnership — limited and general — are citizens. <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 195-97 (1990); <u>Swiger v. Allegheny Energy, Inc.</u>, 540 F.3d 179, 182 (3d Cir. 2008).  The citizenship of each partnership layer also must be traced and analyzed.  <u>Belleville Catering Co. v. Champaign Mkt. Place</u>, 350

3

F.3d 691, 693 (7th Cir. 2003).  One of ALP's partners — KBI Sub,
Inc. ("KBI") — is deemed to be a citizen of, among other states,
New Jersey.  See, e.g., No. 09-4058, dkt. entry no. 1, Rmv. Not.
at 3.[1]  Thus, ALP itself is deemed to be a citizen of, among
other places, New Jersey.[2]

A corporation is deemed to be a citizen of the state wherein
it is incorporated and the state wherein it has its principal
place of business.  See 28 U.S.C. § 1332(c)(1).  EKC is
incorporated in New Jersey, and is thus deemed to be a citizen
of, among other states, New Jersey.

Given the extent of this litigation, and out of an abundance
of caution, the Court is hesitant to direct the parties to
address the issue of a remand under Section 1441(b) in response
to an order to show cause.  See Ayemou v. Amvac Chem. Corp., 312

_____

[1]  The Removing Defendants failed to properly allege ALP's
citizenship in the Notices of Removal in two of these separate
actions.  See Moore v. I-Flow Corporation, No. 09-4078, dkt.
entry no. 1, Rmv. Not. at 3 (alleging without more that ALP is a
partnership organized under Delaware law with a Delaware
principal place of business); Bishop v. I-Flow Corporation, No.
09-4250, dkt. entry no. 1, Rmv. Not. at 4 (apparently alleging
citizenship for Astrazeneca Pharmaceuticals LP for that of ALP).
The Removing Defendants would be well-advised to file corrected
notices of removal in those actions now.

[2]  The Removing Defendants claim that KBI is ALP's sole
limited partner, but that KBI "is not a real party in interest
and has not been properly joined and served as a defendant".  See,
e.g., No. 09-4058, dkt. entry no. 1, Rmv. Not. at 3.  That claim
is irrelevant.  ALP is deemed to possess the citizenship of each
of the partners comprising ALP, regardless of whether those
partners would be "real parties in interest" if named separately.

4

Fed.Appx. 24, 30-31 (9th Cir. 2008) (vacating district court order <u>sua</u> <u>sponte</u> remanding action to state court under forum-defendant rule, even though order was issued within 30 days of removal, as (a) rule is waivable, and (b) a plaintiff's timely motion to remand on the issue, rather than a mere objection to removal, can be preferable in an action involving many parties). The separate plaintiffs thus are **NOTIFIED** that they must timely move to remand the separate actions on this ground, upon a proper notice of motion and in accordance with the applicable procedural rules, if they seek such relief.  <u>See, e.g.,</u> 28 U.S.C. § 1447(c).[3]

    **(2)**  It does not appear that EKC has consented to removal. The Removing Defendants had to "obtain the unanimous consent of all defendants before seeking to remove the case to federal court".  <u>Step Plan Servs., Inc. v. Koresko</u>, 219 Fed.Appx. 249, 250 (3d Cir. 2007).  This is known as the rule of unanimity.  The separate plaintiffs thus are **NOTIFIED** that they must timely move to remand the separate actions based on this rule, upon a proper notice of motion and in accordance with the applicable procedural rules, if they seek such relief.  <u>See, e.g.,</u> 28 U.S.C. § 1447(c).

---

    [3]  Jurisdiction is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal".  <u>Grupo Dataflux v. Atlas Global Group</u>, 541 U.S. 567, 571 (2004).  The date on which the separate actions were brought in state court is the date to be used to determine citizenship.

Also, the separate plaintiffs should specifically state whether EKC has been served.[4]

**(3)**   It appears that these separate actions were removed on August 10, 2009.  Thus, the separate plaintiffs are **NOTIFIED** that if they wish to have the separate actions remanded to state court pursuant to (a) the forum-defendant rule, and/or (b) the rule of unanimity, then it appears that they must move for such relief — upon a proper notice of motion, in accordance with the applicable procedural rules, and in the manner discussed above — within 30 days of the removal, which appears to be Wednesday, September 9, 2009.  See 28 U.S.C. § 1447(c).

**(4)**   The Removing Defendants assert that ALP and EKC are each "not a 'party in interest' and thus joined by fraud".  E.g., No. 09-4058, dkt. entry no. 1, Rmv. Not. at 5.  If the separate plaintiffs move to remand under the forum-defendant rule or the rule of unanimity, then ALP and EKC should cross-move to dismiss each separate complaint insofar as asserted against them — not merely file a brief in opposition to a motion to remand — if they want the Court to consider the issue of fraudulent joinder.  If they do not cross-move, then they are **NOTIFIED** that they will be

---

[4]   It is unclear whether all of the Removing Defendants indeed consented to removal of the action brought under Bishop v. I-Flow Corporation, No. 09-4250.  The Removing Defendants would be well-advised to clarify this issue now.

deemed to concede that the issue of fraudulent joinder as to ALP and EKC is without merit.[5]

    **(5)**   In the event that the separate actions captioned above ultimately remain with this Court, then the parties are **NOTIFIED** that this Court may consolidate them under one docket number. See Fed.R.Civ.P. 42(a).

    **(6)**   The Removing Defendants are **NOTIFIED** that the Court accepts as true at this time the Removing Defendants' allegations concerning each party's citizenship.  But if the Removing Defendants have any doubt as to any party's citizenship — and thus as to jurisdiction — then the time for the Removing Defendants to clarify citizenship is now.  "[T]he removal of civil actions from state court to federal court [is authorized] when the action initiated in state court is one that could have been brought, originally, in a federal district court".  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83 (2005); see Seagert v. Smith, No. 03-10237, 2004 WL 539159, at *2 (E.D. Mich. Mar. 15, 2004) (stating removing defendant must show that court initially had Section 1332 jurisdiction over action).

---

    [5]  If the separate complaints insofar as asserted against ALP and EKC are dismissed, then venue in New Jersey is doubtful. See 28 U.S.C. §§ 1391, 1404, 1406; Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995).

**IT IS THEREFORE** on this        26th        day of August, 2009,

**ORDERED** that the parties **MUST CAREFULLY REVIEW THE NOTIFICATIONS**

provided herein.


        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge